UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GEOVANNY MARTINEZ, | : | |
|     Plaintiff, | : | |
| v. | : | No. 3:19-CV-0039 (VLB) |
| | : | |
| SEMPLE ET AL., | : | |
|     Defendant(s). | : | February 14, 2019 |

## MEMORANDUM OF DECISION ON MOTION FOR TEMPORARY RESTRAINING ORDER [DKT. 11]

**Plaintiff brought suit pursuant to 14 U.S.C. § 1983 on January 7, 2019, alleging that mental health and correctional staff mistreated him in violation of his Eighth Amendment rights. [Dkt. 1]. After initial review, the Court allowed Plaintiff's excessive force claims to proceed against defendants Christophie, Pagliano, Sanchez, and Steinberg and Plaintiff's claims for deliberate indifference to proceed against Semple, Rodriguez, Frayne, Doe, and Bujnicki. [Dkt. 9]. On February 13, 2019, Plaintiff filed the instant Motion for Preliminary Injunction against Connecticut Department of Correction employees Mastri, Tardyff, and Parniskal. [Dkt. 11].**

Preliminary injunctive relief is an extraordinary remedy and is never awarded as a matter of right. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008); *Johnson v. Newport Lorillard*, No. 01-Civ-9587 (SAS), 2003 WL 169797, at *1 (S.D.N.Y. Jan. 23, 2003). "In deciding a motion for preliminary injunction, a court may consider the entire record including affidavits and other hearsay

1

evidence." *Johnson*, 2003 WL 169797, at *1.  A movant seeking a preliminary injunction must establish (1) irreparable harm in the absence of the injunction and (2) either a likelihood of success on the merits or sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor.  *Jolly v. Coughlin*, 76 F.3d 468, 473 (2d Cir. 1996); *Shapiro v. Cadman Towers, Inc.*, 51 F.3d 328, 332 (2d Cir. 1995); *Mitchell v. Cuomo*, 748 F.2d 804, 806 (2d Cir. 1984).

Plaintiff cannot establish a likelihood of success on the merits of his underlying claim through his motion for a preliminary injunction because the motion is unrelated to Plaintiff's underlying action.  In his request for preliminary injunctive relief, Plaintiff names only individuals who are not parties to the action.  *See* [Dkt. 11].  Plaintiff presents no facts indicating that the actions of these individuals fall within the scope of his lawsuit.  Accordingly, Plaintiff's motion for a Temporary Restraining Order [Dkt. 11] is DENIED.

IT IS SO ORDERED



Hon. Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut: February 14, 2019