UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **GEOVANNY MARTINEZ** | : | **CIVIL NO. 3:19CV39 (VLB)** |
|     **PLAINTIFF** | : | |
| | : | |
| **V.** | : | |
| | : | |
| **SCOTT SEMPLE, ET AL.** | : | |
|     **DEFENDANTS** | : | **MAY 11, 2020** |

### DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR RENEWED MOTION FOR ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE

This is an action for money damages brought pursuant to 42 U.S.C. § 1983 and alleging violations of the United States Constitution. The plaintiff is a former inmate in the custody of the Department of Correction (DOC) and claims the defendants violated his Eighth Amendment right to be free from excessive force and medical deliberate indifference.

The plaintiff has discharged from DOC custody and is currently an absconder. Because the plaintiff has failed to notify the Court of his change of address, the defendants respectfully request an order requiring the plaintiff to show cause why this case should not be dismissed for failure to prosecute.

### BACKGROUND

The plaintiff commenced this action on January 7, 2019 while still confined by the Department of Correction. (Doc. No. 1). On January 18, 2019, the Court advised the plaintiff that "[i]f you change your address at anytime during the litigation of this case, Local Rule 83.1(c)2 provides that you must notify the court. Failure to do so can result in the dismissal of your case." (Doc. No. 8).

The plaintiff discharged from DOC custody to supervised parole on February 28, 2020. (Ex. 1, RT60). The plaintiff subsequently ran away from his authorized residence on March 20, 2020 in violation of his parole conditions. (Ex. 2, par. 4). The plaintiff neglected to update the court of a new address after discharging from his correctional facility (MacDougall Walker CI).

The defendants previously filed a Motion for an Order to Show Cause Why this Case Should Not Be Dismissed because the plaintiff discharged from DOC custody, is currently listed as an "absconder" without any known address, and never provided the court with a new address. (Doc. No. 119). The court denied the motion, stating that "Defendants have provided insufficient information for the Court to determine (i) what is meant by the term "absconder," (ii) what actions Defendants have taken to contact Plaintiff, and (iii) what information, in the form of a paper trail or otherwise, led Defendants to conclude that Plaintiff is an absconder." (Doc. No. 120).

The defendants now file a renewed motion with additional evidence regarding the plaintiff's "absconder" status. Specifically, the defendants submit a declaration from PO Byrne of DOC's Fugitive Investigation Unit showing that the plaintiff's parole conditions required him to live at the Chase House following his discharge from DOC, however, he fled from the House on March 20, 2020. (Ex. 2, par. 4). DOC does not know the plaintiff's whereabouts or where he resides, and there is currently an active absconder warrant issued for the plaintiff. (*Id*. at pars. 5-6). Furthermore, the undersigned counsel has not

received any notices from the plaintiff with his current contact information and therefore has no way of contacting him.

## ARGUMENT

Rule 83.1(c)(2) of the Local Rules of Civil Procedure for the District of Connecticut provides that "any party appearing pro se must give an address within the District of Connecticut where service can be made upon him or her in the same manner as service is made on an attorney." *Id.* Civil actions filed by pro se litigants failing to comply with this rule are subject to dismissal for failure to prosecute. *See Ortiz v. Eichner,* 2003 WL 22843075, at *2-3 (D. Conn. Nov. 24, 2003) (ordering lawsuit dismissed if pro se plaintiff failed to file a written notice of change of address within 20 days).

On March 20, 2020, the plaintiff absconded from parole (Ex. 2, par. 4). Specifically, the plaintiff's parole conditions required him to live at the Chase House following his discharge from DOC, however, he ran away from the House, and DOC does not know his whereabouts. (*Id.*). There is currently an absconder warrant issued for the plaintiff (issued on April 27, 2020), which PO Byrne has attached to his declaration. (*Id.* at par. 5). Furthermore, the undersigned counsel has not received any notices from the plaintiff with his contact information and therefore has no way of contacting the plaintiff. Critically, the plaintiff has not updated the court with a current address following his discharge from his DOC correctional facility (MacDougall Walker CI). As such, the plaintiff has failed to comply with the court's order to provide an updated address.

3

**Because the plaintiff's failure to comply with Local Rule 83.1 (c) (2) constitutes a basis to dismiss this action for failure to prosecute, the defendants respectfully move for an order requiring the plaintiff to show cause why this matter should not be dismissed for failure to prosecute.**

        DEFENDANTS
Semple, et al.

WILLIAM TONG
ATTORNEY GENERAL


BY: \_\_\_\_/s/_____
      Robert S. Dearington
      Assistant Attorney General
      Federal Bar #ct28862
      110 Sherman Street
      Hartford, CT  06105
      Tel:  (860) 808-5450
      Fax:  (860) 808-5591
      E-Mail: Robert.Dearington@ct.gov


## CERTIFICATION

I hereby certify that on May 11, 2020, a copy of the foregoing was filed electronically.  Notice of this filing will be sent by e-mail to all parties by operation of the Courts electronic filing system.  Parties may access this filing through the Court's system.  A copy was also sent to the following by first-class mail, postage prepaid, to:

Geovanny Martinez # 384452
MacDougall Walker CI
1153 East Street, South
Suffield, CT 06080
(last address of record)

      _____/s/_____
      Robert S. Dearington
      Assistant Attorney General